UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

AGUSTIN PEREZ and all others similarly situated under 29 U.S.C. 216(b),

Plaintiff,

vs.

WEST COAST TRUCKING CORP., MANUEL QUINTERO,

Defendants.

**COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS AND MISCLASSIFIED EMPLOYEE UNDER 26 U.S.C. 7434**

Plaintiff, AGUSTIN PEREZ, on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, WEST COAST TRUCKING CORP., and MANUEL QUINTERO, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.
2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.
3. The Defendant WEST COAST TRUCKING CORP., is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").
4. The individual Defendant MANUEL QUINTERO is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore

Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATIONS

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

9. Plaintiff worked for Defendants as a warehouseman from on or about March 5, 2006 through on or about October 30, 2016.

10. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate

commerce for the relevant time period because the materials and goods that Plaintiffs used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

11. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

12. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2012, 2013, 2014 and 2015.

13. Upon information and belief, the Defendant Corporation's gross sales or business done exceeded $375,000 for the first nine months of the year 2016 and is expected to exceed $500,000 for the year 2016.

14. Between the period of on or about March 5, 2006 through on or about October 30, 2016, Plaintiff worked an average of 60 hours a week for Defendants and was paid an average of $12.50 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

15. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll

practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

**COUNT II. MISCLASSIFIED EMPLOYEE PURSUANT TO 26 U.S.C. § 7434 AGAINST DEFENDANTS, JOINTLY AND SEVERALLY**

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-15 above and further states:

16. Defendants were paying Plaintiff his wages directly.
17. Thereafter, on or about December 11, 2009, Defendants insisted and required Plaintiff to create and open a separate company, PEREZ CARRIER, INC. Defendants efforts in the middle of Plaintiff's employment was so as to paint Plaintiff as an independent contractor when he actually was an FLSA employee who was previously paid directly.
18. From on or about December 11, 2009 through on or about September 26, 2014, Defendants improperly classified Plaintiff as an independent contractor and issued a 1099 for work performed during this time period.

19. This improper classification was done so that Defendants could attempt to avoid complying with Federal and state laws, including, but not limited to, the failure to pay Federal payroll taxes and state unemployment taxes.

20. At all times relevant, Plaintiff never operated and/or managed the company he opened as required and insisted by Defendants, Plaintiff never had any employees and/or independent contractors and/or laborers, and Plaintiff never made any payments through said company.

21. Defendants are in violation of 26 U.S.C. §7434 and Plaintiff is entitled to damages pursuant to §7434(b)(1)-(3).

Wherefore, the Plaintiff requests judgment be entered against Defendants, jointly and severally, double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to 26 U.S.C. §7434(b)(1)-(3), to be proven at the time of trial or as much as allowed by the law along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney for Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM

By:__/s/ J.H. Zidell__________
J.H. Zidell, Esq.
Florida Bar Number: 0010121